IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIEU HUYNH AND AMY HUYN, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-02977 |
| | § | |
| NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY and VICTORIA MALICK, | § | |
|     *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Hieu Huynh and Amy Huyn v. Nationwide Mutual Insurance Company and Victoria Malick*; Cause No. 2017-50837, in the 234th Judicial District Court of Harris County, Texas.

## I.
## BACKGROUND

1.      Plaintiffs Hieu Huynh and Amy Huynh initiated the present action by filing their Original Petition in Cause No. 2017-50837, in the 234th Judicial District Court of Harris County, Texas, on August 1, 2017 (the "State Court Action").[1]

2.      Defendants Nationwide and Malick appeared and answered on September 29, 2017, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[2] Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon

---

[1]    *See* **Exhibit A,** Plaintiffs' Original Petition with citation.

[2]    *See* **Exhibit B**, Defendants' Original Answer.

Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

3.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 234th Judicial District Court of Harris County, Texas.

4.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Defendants of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

**A.      Diversity of Parties**

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

6.      Plaintiffs are domiciled in Harris County, Texas.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

7.      Nationwide Mutual Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

---

[3]     *See* **Exhibit A**, Plaintiffs' Original Petition with citation at p. 14 ("Plaintiffs seek only monetary relief, the maximum of which is over $100,000 but no more than $200,000").

[4]     *Id.* at ¶ 1.

8.     Victoria Malick is domiciled in the State of Texas. However, Malick's citizenship should be disregarded because she has been improperly joined to this action.[5]

9.     Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

   *i.     Improper Joinder*

10.     A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse.[6] Because Malick is non-diverse, only the latter option is relevant.

11.     A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[7] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[9] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claim.[10] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions and a formulaic recitation of

---

[5]   Malick's joinder in this removal is not necessary since she is not a properly joined party. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[6]   *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[7]   *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.2d 568, 573 (5th Cir. 2004)).

[8]   *Id.*

[9]   *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[10]   *Int'l Energy Ventures*, 818 F.3d at 200-08.

the elements of a cause of action will not do.[11] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[12]

12.    If the assertion of improper joinder is based on the existence of an affirmative defense and the defendant establishes the existence of an affirmative defense to plaintiff's state law claims, "it necessarily follows that joinder was fraudulent, and the district court properly exercise[s] its removal jurisdiction."[13]

13.    In this case, Plaintiffs have asserted causes of action against Malick for violations of the Texas Insurance Code.[14] However, Plaintiffs have employed form allegations that are not substantively tailored to the facts of the case, even going so far as to refer to her throughout the pleading as "ADJUSTER DEFENDANT" rather than by her name.[15] Moreover, in the petition, Plaintiffs have failed to plead enough facts against Malick to state a claim to relief that is plausible on its face. Instead, Plaintiffs' petition is riddled with conclusory allegations that fall below the federal pleading standards and/or track the statutory language of cited statutory provisions. Under the Rule 12(b)(6)-type analysis of *Smallwood* and the application of federal pleading standards, Plaintiffs have failed to assert a claim to relief under Texas law against Malick. As such, Malick has been improperly joined to this action, and there is complete diversity of citizenship between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

---

[11]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12]    *Id.* at 570.

[13]    *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996); *see also Parkway Imaging Ctr., Inc. v. Home Life Fin. Assurance Corp.*, 198 F.3d 240, 1999 WL 824441, at *6 (5th Cir. Sept. 27, 1999); *Soin v. JPMorgan Chase Bank*, Civ. No. H-12-2766, 2012 WL 6018746, at *2 (S.D. Tex. Nov. 29, 2012).

[14]    *See* **Exhibit A**, Plaintiffs' Original Petition with citation at pp. 8-10.

[15]    *See id.*

**B.**      **Amount in Controversy**

14.      Plaintiffs' Original Petition states that Plaintiffs seek "monetary relief, the maximum of which is over $100,000 but not more than $200,000."[16] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiffs' Original Petition.

15.      In their petition, Plaintiffs further seek compensation for (1) actual damages, (2) exemplary damages, (3) 18% penalty interest, (4) additional damages, (5) attorney's fees, (6) pre- and post-judgment interest, and (7) costs of court.[17] Plaintiffs have alleged that Defendants' conduct was wrongful and done knowingly, entitling them to a trebling of actual damages under Texas Insurance Code Chapter 541.[18] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[19]

16.      The amount in controversy plainly exceeds $75,000.00, exclusive of interest and costs.[20] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

**IV.**
**CONCLUSION**

17.      Plaintiffs cannot establish a plausible basis on which to recover on their claim against Malick based on the allegations in the petition. Accordingly, Nationwide asks that the Court find that Malick was improperly joined and dismiss Plaintiffs' claims against Malick. This Court has original jurisdiction pursuant to 28 U.S.C. §1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of

---

[16]    *See* **Exhibit A**, Plaintiffs' Original Petition with citation at p. 14.

[17]    *See* **Exhibit A,** Plaintiffs' Original Petition with citation at pp. 11-12.

[18]    *Id.*; Tex. Ins. Code § 541.152.

[19]    *See H&D Tire & Automotive-Hardware, Inc.*, 227 F.3d at 330; *see also St. Paul Reinsurance Co.,* 134 F.3d at 1253.

[20]    *See* **Exhibit A**, Plaintiffs' Original Petition with citation**.**

citizenship between the properly joined parties, the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and all requirements for removal under 28 U.S.C. § 1446 have been met.

18.     WHEREFORE, Defendant Nationwide Mutual Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
Southern District No. 2110127
lburgess@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail return receipt requested this the 5th day of October, 2017, to:

Robert A. Pollom                                              ***9414 7266 9904 2061 9328 13***
Jake Rogiers
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
robert@krwlawyers.com
jake@krwlawyers.com


                                */s/ Patrick M. Kemp*
                                Patrick M. Kemp

7